BENTLEY ET AL. v. THE WABASH, ST. LOUIS & PACIFIC R'Y CO. ET AL.

1. **Railroads:** RIGHT OF WAY: INJUNCTION. Plaintiffs had had the damages for right of way over their land assessed by statutory proceedings, and by this action sought to restrain the defendant from operating its road over said premises until the award of the commissioners should be paid. But, it appearing that, prior to such statutory proceedings, plaintiffs had deeded the right of way to defendant's grantor, and that the road, as actually constructed, did not vary more than ten feet from the surveyed line with reference to which the deed was made, and that the statutory proceedings had been, upon *certiorari*, declared illegal and void, *held* that the plaintiffs' petition was properly dismissed by the circuit court.

*Appeal from Mills Circuit Court.*

MONDAY, JUNE 11.

THE plaintiffs allege in their petition, in substance, that the defendant, the Wabash, St. Louis & Pacific Railway Company, has entered upon and constructed and is now operating a railroad over the lands of plaintiffs, without having obtained from plaintiffs the right of way, or taking any steps toward securing or paying for the land so taken; that plaintiffs

took the necessary steps to have that damage assessed, and the commissioners duly appointed assessed plaintiffs' damages at $500. Plaintiffs pray an injunction restraining the defendants from operating their railroad across plaintiffs' premises until the damages awarded by the commissioners have been paid. The Council Bluffs & St. Louis Railway Company intervened, alleging, in substance, that on the fourth day of February, 1879, for the consideration of $125, the plaintiffs executed to intervenor a deed for right of way over said lands; that, in pursuance of its rights under said deed, intervenor constructed a railroad over the lands of plaintiffs, which is the railroad which the defendant, the Wabash, St. Louis & Pacific Lailway Company, is, and since about the tenth day of November, 1879, has been, running and operating. That this intervenor leased its railway to the St. Louis, Kansas City & Northern Railway Company, and that about the tenth day of November, 1879, by a consolidation between the Wabash Railway Company and the St. Louis, Kansas City & Northern Railway Company, the Wabash, St. Louis & Pacific Railway Company was formed, and has succeeded to all the rights and privileges of the companies forming the same. The intervenor alleges that the condemnation proceedings instituted by plaintiffs are void, for reasons assigned in the petition of intervention. The Wabash, St. Louis & Pacific Railway Company answered, setting up substantially the same defenses as set up in the foregoing petition of intervention. The St. Louis, Kansas City & Northern Railway Company intervened, alleging that it leased the road for ninety-one years from the Council Bluffs & St. Louis Railway company, and took its lease free from any liens of plaintiffs. The plaintiffs answered the petition of intervention, alleging that, when the deed for right of way was executed, it was represented that the road would be constructed upon the line of a survey then made, and that it was in fact constructed upon a line remote from that survey. The cause

was tried to the court, and a decree was entered dismissing the plaintiffs' petition. The plaintiffs appeal.

*Hale & Stone* and *Kelly Bros.*, for appellants.

*D. H. Solomon*, for appellees.

DAY, CH. J.—The decree of the court below must be affirmed for several reasons.

*First.* The preponderance of the entire evidence shows that the road was in fact built practically upon the line of the survey existing when the deed was executed, and which, the plaintiffs testify, is the line upon which the road was to be constructed. The evidence shows that the constructed line does not vary from this surveyed line more than from five to ten feet.

*Second.* The abstract of the appellees shows that the condemnation proceedings, upon which the plaintiffs base their right to relief, were, upon *certiorari* proceedings, declared illegal and void.

*Third.* The evidence shows that on the fourth day of February, 1879, the plaintiffs executed to the Council Bluffs & St. Louis Railway Company a deed of the right of way over the premises in dispute. The plaintiffs do not ask that this deed be canceled or set aside. So long as this deed exists, the defendant, the Wabash & St. Louis Railway Company, cannot be restrained by injunction from operating its road over the premises in dispute.

For these reasons the judgment of the court below is

AFFIRMED.